UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSIE CONRAD,** *et al.* | **CIVIL ACTION** |
| **VERSUS** | **No. 06-5764** |
| **COUNTRYWIDE HOME LOANS, INC.** | **SECTION: I/4** |

### ORDER AND REASONS

Before the Court is plaintiffs' motion to remand. In their motion, plaintiffs argue that this Court does not have subject matter jurisdiction over the instant case pursuant to 28 U.S.C. § 1335, as defendant alleges in its removal petition. For the following reasons, plaintiffs' motion is **GRANTED**.

### *BACKGROUND*

Plaintiffs filed a petition for concursus[1] against defendant, Countrywide Home Loans, Inc. ("Countrywide"), in Louisiana state court on July 28, 2006. Plaintiffs argue that their attorneys, of the law firm of Bruno & Bruno, L.L.P. ("Bruno & Bruno"), negotiated individual settlement agreements with their homeowner's insurer for damage to their homes caused by Hurricane Katrina. In each case, the settlement check was made payable to the individual plaintiff, defendant, and Bruno & Bruno. Plaintiffs argue that Bruno & Bruno had entered into

---

[1] A concursus is a "proceeding in which two or more creditors claim, usu. adversely to each other, an interest in a fund or estate so that they can sort out and adjudicate all the claims on the fund." Black's Law Dictionary 310 (8th ed. 2004).

contingency fee contracts with them to secure these funds and are due 25% of each settlement.[2] Plaintiffs allege that when Bruno & Bruno requested defendant's permission to deposit these settlement checks and disburse the funds, with 25% payable to Bruno & Bruno and the remaining 75% payable to each plaintiff and defendant, defendant refused to consent. Plaintiffs further allege that their individual settlements range in size from $2,787.90 to $23,993.78 and total $95,950.91.[3]

On August 15, 2006, the state court granted leave for plaintiffs to deposit the contested settlement checks in the registry of the state court.[4] These checks, however, have not yet been deposited.[5] Defendant removed this case on September 7, 2006, contending that federal subject matter jurisdiction existed pursuant to 28 U.S.C. § 1335.[6]

### *LAW AND ANALYSIS*

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted). 28 U.S.C. § 1335 provides for federal subject matter jurisdiction in actions where (1) there is at least $500 in controversy, (2) two or more adverse claimants are diverse, and (3) the funds in

---

[2] Rec. Doc. No. 3-2, p. 1.

[3] Rec. Doc. No. 3-2, p. 2.

[4] Rec. Doc. No. 7-2.

[5] Rec. Doc. No. 3-2, p. 5.

[6] Rec. Doc. No. 1, p. 2.

dispute have been deposited in the registry of the court.[7] Plaintiffs sole argument is that this case must be remanded because the funds at issue have not been deposited into the registry of the court.

Plaintiffs correctly note that "the deposit requirement is a jurisdictional prerequisite to suit under the interpleader statute." *Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1159 (5th Cir. 1976); *see also Irons v. US Bank, Inc.*, No. 06-4225, 2006 U.S. Dist. LEXIS 62100, at *6 (E.D. La. Aug. 31, 2006) ("The Fifth Circuit and its District Courts have held that the deposit requirement is a prerequisite to jurisdiction under 28 U.S.C. § 1335.") (Berrigan, C.J.); *Gardes Directional Drilling v. U.S. Turnkey Exploration*, 815 F. Supp. 956, 961 (E.D. La. 1993) ("The deposit of money, property, or a bond with the court is a prerequisite for obtaining jurisdiction over an interpleader action.") (citations omitted); *Life Ins. Co. v. Nava*, 667 F. Supp. 279, 280 (E.D. La. 1987) ("Because the insurance company did not deposit the proceeds of the policy in the registry of the court or post bond, the court has no jurisdiction under 28 U.S.C. § 1335 . . .

---

[7]The full language of 28 U.S.C. § 1335 reads:

(a) The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any person, firm, or corporation, association, or society having in his or its custody or possession money or property of the value of $ 500 or more, or having issued a note, bond, certificate, policy of insurance, or other instrument of value or amount of $ 500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $ 500 or more, if
    (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of section 1332 of this title [28 USCS § 1332], are claiming or may claim to be entitled to such money or property, or to any one or more of the benefits arising by virtue of any note, bond, certificate, policy or other instrument, or arising by virtue of any such obligation; and if
    (2) the plaintiff has deposited such money or property or has paid the amount of or the loan or other value of such instrument or the amount due under such obligation into the registry of the court, there to abide the judgment of the court, or has given bond payable to the clerk of the court in such amount and with such surety as the court or judge may deem proper, conditioned upon the compliance by the plaintiff with the future order or judgment of the court with respect to the subject matter of the controversy.
(b) Such an action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

."); *McKeithen v. S.S. Frosta*, 75 F.R.D. 7, 10 (E.D. La. 1977) (citing *Murphy* and holding that, in a statutory interpleader action, "failure to deposit the entire amount in controversy is a jurisdictional defect").

Chief Judge Berrigan's decision in *Irons* is particularly analogous to the case before the Court. The plaintiffs in *Irons*, also represented by Bruno & Bruno, filed a similar petition for concursus and were ordered by the Louisiana state court to deposit the disputed funds into the court's registry. 2006 U.S. Dist. LEXIS 62100, at *2. Before the funds could be deposited, defendant removed the case to federal court, arguing that subject matter jurisdiction existed pursuant to 28 U.S.C. §§ 1332 and 1335. *Id.* at *2-3. The *Irons* court recognized that courts in other circuits may permit stakeholders to cure jurisdictional defects by depositing disputed funds, or the full amount of the disputed funds, in the court's registry at a later time.[8] Chief Judge Berrigan remanded the action, however, noting that Fifth Circuit precedent holds that the deposit requirement is a prerequisite to statutory interpleader jurisdiction. *Id.* at *6-7.

Defendant does not cite to any case from this circuit that support its position,[9] and defendant's argument that the state court order directing plaintiff to deposit the disputed funds into the registry of the state court should control this Court pursuant to 28 U.S.C. § 1450 is not persuasive in light of the explicit holdings of other courts in this circuit and district. The Court finds no reason to depart from this established precedent; therefore, this case must be remanded because subject matter jurisdiction is lacking.

---

[8] The *Irons* court noted three such cases: *U.S. Fire Ins. Co. v. Asbestospray, Inc.*, 182 F. 3d 201, 210 n.4 (3rd Cir. 1998); *Travelers Ins. Co. v. Estate of Garcia*, No. 00-2130, 2003 U.S. Dist. LEXIS 2828, at *4 (E. D. N.Y. Feb. 4, 2003); *Gen. Accident Group v. Gagliardi*, 593 F. Supp. 1080, 1086-87 (D. Conn. 1984).

[9] Defendant cites to *National Union Fire Insurance Co. v. Rost*, No. 93-2784, 1995 U.S. LEXIS 5712 (S.D. Tex. Jan. 26, 1995); however, there is no substantive discussion of statutory interpleader or the deposit requirement in that case, and the Court does not find *Rost* helpful to its analysis.

Accordingly,

**IT IS ORDERED** that plaintiffs' motion to remand[10] is **GRANTED**, and this case is **REMANDED** to the Civil District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana, December ___5th___, 2006.

                                                **LANCE M. AFRICK**
                                       **UNITED STATES DISTRICT JUDGE**

---

[10] Rec. Doc. No. 3.